UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

TIFFANY L. SKINNER,                                             CASE NO. 09-50189-NPO

DEBTOR.                                                         CHAPTER 7

UNITED STATES TRUSTEE                                           PLAINTIFF

V.                                                              ADV. PROC. NO. 10-05024-NPO

TIFFANY L. SKINNER                                              DEFENDANT


MEMORANDUM OPINION GRANTING
UNITED STATES TRUSTEE'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter came on for consideration on the United States Trustee's Motion for Judgment on the Pleadings (the "Motion")(Adv. Dkt. No. 6), and the United States Trustee's Memorandum Brief in Support of Motion for Judgment on the Pleadings (Adv. Dkt. No. 7) filed by the United States Trustee (the "UST"); the Memorandum of Law (the "Debtor's Response")(Adv. Dkt. No. 10) filed by Tiffany L. Skinner (the "Debtor"); and the United States Trustee's Reply Brief in Support of Motion for Judgment on the Pleadings (Adv. Dkt. No. 11) in the above-styled adversary proceeding (the "Adversary"). In this matter, Christopher J. Steiskal represented the UST, and Edmund J. Phillips, Jr. represented the Debtor. The Court, being fully advised in the premises, finds that the Motion is well-taken and should be granted for the reasons set forth below.[1]

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

### Jurisdiction

This Court has jurisdiction over the subject matter of and the parties to this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as defined in 28 U.S.C. § 157 (b)(2)(A) and (J).

### Facts

**A. The Previous Case**

On February 8, 2002, the Debtor filed a voluntary petition for relief (the "First Petition") under chapter 7 of the Bankruptcy Code (the "Previous Case")(Case No. 02-50655, Dkt. No. 1). The Debtor received a discharge in that case on July 15, 2002 (Dkt. No. 14).

**B. The Current Case**

On February 4, 2009, the Debtor filed a voluntary petition for relief (the "Second Petition") under chapter 13 of the Bankruptcy Code (the "Current Case")(Case No. 09-50189, Dkt. No. 1). By order of this Court (Dkt. No. 70) granting the Debtor's Motion to Convert to Chapter 7 (Dkt. No. 67), the case converted to a case under chapter 7 of the Bankruptcy Code on February 17, 2010 (the "Conversion Date"). On May 25, 2010, the UST initiated this Adversary by filing the Complaint Objecting to the Discharge (Adv. Dkt. No. 1). In the Motion, the UST asserts that pursuant to 11 U.S.C. § 727(a)(8)[2], the Debtor is not entitled to a discharge in the Current Case because she received a discharge in the Previous Case which was commenced within eight (8) years before the date of the filing of the Second Petition in the Current Case. In the Debtor's Response, the Debtor asserts that this case falls under an exception provided in § 348(b) so that the Debtor is allowed a

---

[2] Hereinafter all code sections refer to the United States Bankruptcy Code located at Title 11 of the United States Code unless otherwise noted.

discharge because more than eight (8) years passed between the filing of the Previous Case and the Conversion Date in the Current Case.

### Issue

Does the conversion of a case from chapter 13 to chapter 7 change the date of commencement of a case for purposes of § 727(a)(8)?

### Motion for Judgment on the Pleadings Standard

Federal Rule of Civil Procedure 12(c), made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for deciding a motion for judgment on the pleadings under Fed R. Civ. P. 12(c) is the same as that for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See* Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008); Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 n.8 (5th Cir. 2002). Additionally, the Fifth Circuit has held that, "[a] motion for judgment on the pleadings, like a motion for summary judgment, should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law." Greenberg v. General Mills Fun Group, Inc., 478 F.2d 254, 256 (5th Cir. 1973).

### Discussion

Section 727(a)(8) states in pertinent part,

> (a) The court shall grant the debtor a discharge, unless– . . .
>
> (8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within 8 years before the date of the filing of the petition.

Id. Section 301(a) states, "[a] voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter."

The Bankruptcy Code provides that the conversion of a case from chapter 13 to chapter 7 does not change the effective date of the filing of the petition for relief. § 348(a). Section 348(a) states,

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Id. Collier on Bankruptcy explains that,

> [S]ection 727(a)(8) denies a chapter 7 discharge to a debtor who has received a discharge in a Chapter 7 case commenced within eight years prior to filing of the petition. Since the date of filing of the petition is not changed by conversion, a debtor cannot receive a chapter 7 discharge in a case filed within eight years of the filing of a prior case resulting in a discharge, even if the case was converted to a chapter 7 more than eight years after the commencement of the prior case.

3 Collier on Bankruptcy ¶ 348.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)(citing Riske v. Lyons (In re Lyons), 162 B.R. 242, 244 (Bankr. E.D. Mo. 1993)).

The Seventh Circuit has interpreted § 348(a) to mean that when a case converts from one chapter to another, the case "retains all of the original filing dates." In re Sadler, 935 F.2d 918, 920 (7th Cir. 1991). The Eighth Circuit shares this view and has held that when a debtor converts a case from chapter 13 to chapter 7, the debtor is "deemed to have filed a Chapter 7 case at the time the Chapter 13 case was filed." Resendez v. Lindquist, 691 F.2d 397, 399 (8th Cir. 1982).

In adjudicating this issue in a case with similar facts to the matter at bar, the Bankruptcy Court for the Southern District of Ohio held that, "[t]he date of a subsequent conversion to a

different chapter of the Bankruptcy Code does not change the date the case was commenced." In re Hiatt, 312 B.R. 150, 152 (Bankr. S.D. Ohio 2004). The Hiatt court determined that the debtor was not entitled to a discharge because the correct measurement of time is "from the commencement of the prior case to the commencement of the present case." Hiatt, 312 B.R. at 152.

The Debtor asserts that the Current Case falls under an exception, found in § 348(b), because the Current Case was converted under § 1307. Debtor's Response, p. 3. The Debtor's reading of § 348(b), however, is mistaken. Section 348(b) states that,

> Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 728(a), 728(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1146(a), 1146(b), 1201(a), 1221, 1228(a), 1301(a), and 1305(a) of this title, "the order for relief under this chapter" in a chapter to which a case has been converted under section 706, 1112, 1208, or 1307 of this title means the conversion of such case to such chapter.

§ 348(b). For this exception to apply, § 348(b) would need to include § 727(a)(8) in its enumerated list of sections affected by the exception. It does not.

The Debtor also relies incorrectly on In re Grydzuk, 353 B.R. 564 (Bankr. N.D. Ind. 2006) to support her position that the proper measure of time for determining eligibility for discharge is from the filing date of the First Petition in the Previous Case to the Conversion Date in the Current Case. In re Grydzuk is not on point because that case dealt with the applicability of § 1328(f)(1), not § 727(a)(8). Additionally, the Court finds that the In re Grydzuk case is factually distinguishable because, in that case, the debtors were trying to receive a chapter 13 discharge in a subsequent case when they had received a chapter 7 discharge in a previous case that had been converted from chapter 13. In the case at bar, the Debtor seeks a chapter 7 discharge in the Current Case which converted from chapter 13, when she has already received a chapter 7 discharge in the Previous Case.

**Conclusion**

For the reasons set forth above, the Court finds that the proper measurement of time to determine the Debtor's eligibility for a chapter 7 discharge is from the filing date of the First Petition in the Previous Case (February 8, 2002) to the filing date of the Second Petition in the Current Case (February 4, 2009). Since the Debtor received a chapter 7 discharge in the Previous Case, which was filed within 8 years before the date of the filing of the Second Petition in the Current Case, the Debtor is not entitled to a chapter 7 discharge in the Current Case. Accordingly, the Court finds that the Motion is well-taken and should be granted. A separate order consistent with this opinion will be entered in accordance with F.R.B.P. 7054.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: September 1, 2010